IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VLADIMIR VASILIYEVICH RAKIN,

    Petitioner,               No. 2:10-cv-0715 LKK JFM (HC)

  vs.

M. MARTEL, Warden,

    Respondent.          <u>ORDER</u>

_____/

        Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has paid the filing fee of $5.00 for this action.

        Petitioner filed a request for stay and abeyance pending exhaustion of state court remedies. Respondent filed a statement of non-opposition, seeking a thirty-day time-limit for filing the California Supreme Court petition. Petitioner filed a reply, seeking sixty days to file the state petition.

        The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3). A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by

1

providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. <u>Picard v. Connor</u>, 404 U.S. 270, 276 (1971); <u>Middleton v. Cupp</u>, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

Petitioner claims that the trial court improperly granted petitioner's <u>Faretta</u> motion, brought pursuant to <u>Faretta v. California</u>, 422 U.S. 806 (1975); that the trial court, upon granting the <u>Faretta</u> motion, improperly denied petitioner a continuance to prepare for trial; that his pretrial counsel, trial translator and appellate counsel were constitutionally ineffective; and that his due process rights were violated because the cumulative effect of the alleged constitutional violations constitutes a miscarriage of justice. Petitioner presented only his <u>Faretta</u> claims in state court. He contends he did not present the remaining claims because he is unable to speak, read or write English, he was confused over AEDPA's limitations period; he is ignorant of the law and status of his case; and he did not have control over the issues presented by his appellate counsel in the direct appeal and petition for review. (Doc. No. 1 at 22.)

After reviewing the record the court finds that petitioner has failed to exhaust state court remedies as to some of his claims. <u>See</u> <u>Rhines v. Weber</u>, 544 U.S. 269, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005). The claims have not been presented to the California Supreme Court, nor is there any allegation that state court remedies are no longer available to petitioner. In fact, petitioner seeks a stay of these proceedings in order to present his claims to that court.

Good cause appearing, IT IS HEREBY ORDERED that:

1. Petitioner's request to stay this action is granted;

2. This court's May 15, 2010 order directing Respondent to file an answer is vacated;

3. Petitioner shall file a petition with the California Supreme Court within thirty days of this order;

4. This action is stayed pending disposition of the writ of habeas corpus in state court;

5.  Petitioner shall file a request to lift the stay within thirty days from the date he is notified of disposition of his state habeas corpus petition; and

6.  The Clerk of the Court is directed to administratively close this action.

DATED: November 15, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

/014.raki0715.stay